UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number:  11-20497-CIV-MARTINEZ-MCALILEY

GUIDEONE MUTUAL INSURANCE
COMPANY,

      Plaintiff,

vs.

IGLESIA BAUTISTA RESURRECCION,

      Defendant.

_____/

### ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE
### DEFAULT FINAL JUDGMENT

THIS CAUSE came before the Court upon Defendant's Motion to Set Aside Default Final

Judgment  (D.E. No. 22).  Defendant Iglesia Bautista Resurreccion ("Defendant") moves to set

aside the default judgment, arguing that Plaintiff GuideOne Mutual Insurance Company

("Plaintiff") "had actual knowledge that Defendant was represented by counsel, [and] Plaintiff

failed to forward the Notice of Service of Process, or any of the other subsequent pleadings and

motions to counsel for Defendant." *Id.* at 2.  Defendant further argues that this action was

improper from the first instance, alleging that Plaintiff participated in gamesmanship by deciding

to file this lawsuit when another lawsuit "aris[ing] from the same set of facts" was pending.  *Id.*

at 4.  After careful consideration and for the reasons set forth below, this Court denies

Defendant's motion.

### I. Facts and Procedural Background

On February 10, 2011, Iglesia Bautista Resurreccion, the "Defendant" in the present

action, served GuideOne Mutual Insurance Company, the "Plaintiff" in the present action, with a

complaint for breach of contract in the Circuit Court for Miami-Dade County, Florida *(Iglesia Bautista Resurreccion v. GuideOne Mutual Insurance Company*, Case Number 10-56832 CA 10 ("Breach of Contract Action")).[1]   (D.E. No. 23 at 2).   Defendant there alleged that Plaintiff breached its contractual duty under an insurance policy to cover losses resulting from hurricane damage to property incurred on October 24, 2005.   (Case Number 11-cv-20823-Martinez, D.E. No. 1-2, Complaint in Breach of Contract Action at 3-4).

Plaintiff subsequently filed the present action for declaratory relief on February 14, 2011 ("Declaratory Action") but claims that it filed this action prior to learning that it had been served in the Breach of Contract Action on February 16, 2011.  *Id.*  Also on that day, counsel for Plaintiff sent correspondence to Robert Reynolds, Defendant's counsel in the Breach of Contract Action,[2] advising Reynolds of the filing of the Declaratory Action and attaching a copy.  *See* (D.E. No. 23-1, Exh. A).  Furthermore, Plaintiff's counsel stated in this letter to Reynolds that a Summons had been issued in the case and inquired if Reynolds would accept service for the Declaratory Action or if a Church officer should be served.[3]  *See id.*

On March 2, 2011, Defendant filed an amended complaint in the Declaratory Action "due to a misnomer in the original Dec [sic] Action."  (D.E. No. 23 at 3); *see also* (D.E. No. 1,

[1] The time to file a reply brief to Plaintiff's Response (D.E. No. 23) has passed, and no reply brief was filed.  Thus, a number of Plaintiff's claims regarding the facts in this case are undisputed.

[2] Plaintiff refers to Reynolds as Defendant's counsel throughout Plaintiff's Verified Response and Incorporated Memorandum of Law in Opposition to Defendant's Motion to Set Aside Default Final Judgment (D.E. No. 23) and to Defendant as Reynolds's client in emails and other correspondence referencing this matter, *see* (D.E. No. 23-1).

[3] Plaintiff's original Complaint (D.E. No. 1) was never served on Defendant or Reynolds. *See* (D.E. No. 23 at 3, n. 2).

Complaint; D.E. No. 6, Amended Complaint).  In its Amended Complaint, Plaintiff alleged that Defendant: (1) "failed to make any temporary repairs to the property or otherwise protect the subject property following the loss"; (2) submitted a Proof of Loss statement that "was inconsistent and contradictory"; and (3) "re-open[ed] the claim, nearly five (5) years from the date of loss . . .  creat[ing] a delay which has prejudiced . . . [Plaintiff] in . . . [its] ability to handle, investigate and evaluate . . . [Defendant's] claim."  (D.E. No. 6 at 9-10).  On March 3, 2011, Plaintiff's counsel emailed Reynolds asking again if he would accept service of the Declaratory Action for Defendant.  *See* (D.E. No. 23-1, Exh. C).  Plaintiff's counsel also attached a copy of the Amended Complaint in the Declaratory Action and a copy of the Scheduling Order. *See id.*; (D.E. No. 23 at 3).  Plaintiff's counsel then removed the Breach of Contract action to the United States District Court, Southern District of Florida, on March 8, 2011 (Case Number 11-cv-20823).[4]  (D.E. No. 23 at 3).

On March 20, 2011, Plaintiff then asked Reynolds if Defendant was served with process in the Declaratory Action, notified him that the Breach of Contract Action was removed to federal court, and inquired if he would be amenable to consolidation of the two cases.  *See id.* Reynolds sent another email indicating that he and Defendant would not oppose removal and asked "what is the nature of the dec [sic] action."  *See* (D.E. No. 23-1, Exh. E).  In response, Plaintiff's counsel sent Reynolds another copy of the Amended Complaint in the Declaratory Action and indicated his availability to discuss this matter with Reynolds by telephone.  *See id.*; (D.E. No. 23 at 3).

Plaintiff contends that it received no further responses as to whether Reynolds would

---

[4] On May 9, 2011, this action was transferred to Judge Jose E. Martinez.  *See* (Case number 11-cv-20823-Martinez, D.E. No. 6).

accept service of the Amended Complaint in the Declaratory Action, which it served on

Defendant by mail on March 15, 2011.  (D.E. No. 23 at 4; D.E. No. 6-1); *see also* (D.E. No. 8,

Affidavit of Service).  On March 21, 2011, Plaintiff's counsel sent Reynolds correspondence

regarding the Declaratory Action, advising him that Defendant had been served with the

Complaint for Declaratory Relief.  *See* (D.E. No. 23-1, Exh. F).  In this letter, Plaintiff's counsel

again suggests the possibility of consolidation to Reynolds and also encloses a copy of the Joint

Scheduling Order in the Declaratory Action, indicating its effect upon Reynolds' appearance on

behalf of Defendant.  *See* (D.E. No. 23-1, Exh. E).  Plaintiff claims that Defendant did not

respond to this letter. (D.E. No. 23 at 4).  Following the Court's entry of default for failure to

appear, answer, or otherwise plead in the Declaratory Action on April 7, 2011, Plaintiff filed a

Motion for Default Final Judgment on April 25, 2011.  *Id.*  Defendant contends that Plaintiff

failed to forward this motion to Defendant, as well as other pleadings.  (D.E. No. 22 at 5).

Plaintiff, however, directs the Court's attention to the certificate of service for this motion which

indicates that Plaintiff's Motion for Default Final Judgment "was furnished by U.S. Mail and the

court's CM/ECF system this 25th day of April, 2011" to Defendant and Reynolds.  *See* (D.E. No.

23 at 4; D.E. No. 16 at 8).  Plaintiff claims that in the absence of communication from

Defendant, it contacted Reynolds on April 28, 2011, advising him that a Scheduling Report was

due in the Breach of Contract Action, that a Clerks' Default was entered in the Declaratory

Action, and that Defendant moved for entry of Default Final Judgment.  *Id.*

On April 29, 2011, Default Final Judgment was entered against Defendant.[5]  On May 5,

---

[5] An Amended Default Final Judgment was entered on May 5, 2011 (D.E. No. 21)
pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, correcting a mistake in the
caption of the case in the Order for Default Final Judgment (D.E. No. 17) relating to Plaintiff's
name.  *See* (D.E. No. 20).

2011, Defendant filed an Answer to the Declaratory Action in which Defendant provides general denials to Plaintiff's allegations in the Amended Complaint. *See* (D.E. No. 18).  On May 24, 2011, Defendant filed a Motion to Set Aside Final Default Judgment in the Declaratory Action. *See* (D.E. No. 22).  Defendant argues that it failed to respond to the complaint in a timely fashion due to a "reasonable misunderstanding" that the attorneys had received copies of the pleadings and were acting on their behalf.  (D.E. No. 22 at 3).  In addition, Defendant alleges that the Declaratory Action is evidence of Plaintiff's gamesmanship and should have been brought as a compulsory counterclaim to the Breach of Contract Action rather than as a separate lawsuit.  *Id.* at 3-4.

## II. Analysis

Generally, determining cases on their merits is preferred over default judgments. *See Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (citations omitted).   In order to have a default judgment set aside, however, Defendant must meet certain standards. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).  Pursuant to Federal Rule of Civil Procedure 60(b), a district court has the power to vacate or set aside a final default judgment "whenever such action is appropriate to accomplish justice." *Lender v. Unum Life Ins. Co. of America, Inc.*, 519 F. Supp. 2d 1217, 1223 (M.D. Fla. 2007) (citations omitted).  For this reason, federal courts construe Rule 60 liberally. *Id.* (citation omitted).  Although Defendant failed to argue its case under Rule 60(b) and instead cited Florida law, the Court will analyze Defendant's arguments under each of the relevant Rule 60(b) provisions.  After careful consideration, however, the Court finds that Defendant failed to meet its burden under any of these provisions.

### A.  Mistake, inadvertence, surprise, or excusable neglect

Rule 60(b)(1) provides that a court may vacate or set aside a final judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  "To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint.  *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1295.

In order to establish a meritorious defense, the moving party "must make an affirmative showing of a defense that is likely to be successful."  *Id.* at 1296 (holding that a general denial does not constitute a meritorious defense without an explanation that could establish likelihood of success) (citations omitted).  "To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."  *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (*citing INVST Financial Group, Inc. v. Chem-Nuclear Sys. Inc.*, 815 F.2d 391, 398 (6th Cir. 1987), *cert. denied*, 484 U.S. 927 (1987)).  In Rule 60(b)(1) cases, when "internal procedural safeguards are missing, a defendant does not have a 'good reason' for failing to respond to a complaint."  *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 935 (11th Cir. 2007) (citations omitted).  Therefore, "failure to establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken does not constitute default through excusable neglect."  *Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987).  This principle extends to situations where a defendant knew that an action was filed against it and yet failed to ensure that its attorney was protecting its interests.  *See Sloss Indus. Corp.*, 488 F.3d at 936 (citation omitted).  Furthermore,

-6-

although a slight mistake by a defendant's attorney may justify lifting default on the basis of

excusable neglect, an attorney's negligent failure to respond to a motion does not. *Florida*

*Physician's Ins. Co., Inc.*, 8 F.3d at 782  (citations omitted).

   First, Defendant failed to establish a meritorious defense by merely providing general

denials in response to Plaintiff's Amended Complaint, and furthermore, those denials were filed

after they were due.  However, Defendant also claims that the Declaratory Action should have

been raised by Plaintiff as a counterclaim in the Breach of Contract Action.  Disagreement exists

between the few district courts that have considered whether claims raised in a second filed

lawsuit should have been asserted as compulsory counterclaims in an action that was first filed

and removed to federal court after commencement of the second suit.  *Compare Hostway Corp.*

*v. JPMorgan Chase Bank, N.A.*, No. 09-cv-151, 2009 WL 2601359, at \*4 (N.D. Ill. August 24,

2009) (staying a second filed action that was filed while a first filed action was pending in state

court, even though this action was later removed to federal court, because the claims "[arose] out

of the transaction or occurrence that . . . [was] the subject matter of the opposing party's claim"

in the action first filed in state court); *Donnkenny, Inc. v. Nadler*, 544 F. Supp. 166, 170

(D.C.N.Y. 1982) (staying a case due to compulsory counterclaims in earlier filed action, although

the first action was filed in state court prior to removal to federal court); *Ultronic Sys. Corp. v.*

*Ultronix, Inc.*, 217 F. Supp. 89, 92 (D.C. Del. 1963) (holding that a suit first filed in state court

had precedence over a declaratory judgment proceeding that was duplicative and was

commenced prior to the removal of the state court action to federal court), *with Hemmerich*

*Indus., Inc. v. Courtland Mfg. Co., Inc.*, No. 87-8272, 1988 WL 48574 (E.D. Pa. 1988) (*citing*

*Hall v. Kieffer*, 19 F.R.D. 85 (D.N.D. 1956)) ("Rule 13(a) does not require that opposing claims

arising from the same transaction or occurrence be asserted in one action commenced first in state court and removed to federal court after the adverse party has commenced a later, separate action in federal court.").  Even assuming the Court adopted the reasoning of the cases more favorable to Defendant on this issue, this would have only resulted in a stay of this action.  This argument does not demonstrate that Defendant had any meritorious defenses.

The Court also finds that lifting default would further prejudice Plaintiff.  Plaintiff alleged at the beginning of this lawsuit that evidence, necessary to accurately determine damages covered under the insurance policy, has already been lost.  *See* (D.E. No. 1, Complaint at 8-10; D.E. No. 6, Amended Complaint at 8-10).  Plaintiff further contended that when Defendant filed its Breach of Contract Action, "nearly five (5) years from the date of loss . . . [it] created a delay which has prejudiced . . . [Plaintiff] in . . . [its] ability to handle, investigate and evaluate . . . [Defendant's] claim."  (D.E. No. 6 at 10).  Defendant has only provided general denials to these allegations, and the Court finds Plaintiff would be further prejudiced by lifting the default based on the passage of time.  *See* (D.E. No. 18 at 3).

In addition, the Court finds that Defendant has not demonstrated that a good reason existed for failing to reply to the Amended Complaint.  Although Defendant argues that its delay in responding to the Amended Complaint in this action was due to a mistake in forwarding the complaint to its attorney, this error does not rise to the level necessary for excusable neglect.  Defendant should have been more diligent in communicating with its attorney.  It is undisputed that Defendant itself was served with the Amended Complaint in this action.  *See* (D.E. No. 6-1; D.E. No. D.E. No. 8).  Furthermore, as Plaintiff has demonstrated, Defendant's attorney received ample notice that the Declaratory Action had commenced and Plaintiff's counsel provided him

with copies of the pleadings in this case.  Thus, the Court finds that the final default judgment should not be set aside under Rule 60(b)(1).

## B.  Insufficiency of service

The next relevant provision for the Court to consider is whether judgment should be set aside under Rule 60(b)(4).  Provision (4) of Rule 60(b) stipulates grounds for relief from a final judgment if "the judgment is void."  Fed. R. Civ. P. 60(b)(4).  "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."  *In re Worldwide Web Sys., Inc.*  328 F.3d at 1298.  Rule 5(b)(1) of the Federal Rules of Civil Procedure stipulates that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."  Fed. R. Civ. P. 5(1).  Rule 5(a)(1) enumerates the papers that must generally be served on every party.  *See* Fed. R. Civ. P. 5(a)(1).  However, this rule does not require that the complaint be served on a party's attorney. *Central Florida Council, Boy Scouts of America, Inc. v. Rasmussen*, No. 6:07-cv-1091-Orl-19JK, 2010 WL 1258070, at *8 (M.D. Fla. 2010).  It is within the court's discretion to grant a Rule 60(b)(4) motion, and the defendant bears the burden of proof under this rule.  *Id.* 1298-99.

In addition, Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that when a party has appeared personally or by representative, that party must be served with written notice of an application for default judgment.  Fed. R. Civ. P. 55(b)(2).  "The appearance required by rule [55(b)(2)] has been broadly defined, and not limited to a formal court appearance." *Charlton L. Davis & Co., P.C. v. Fedder Data Center, Inc.*, 556 F.2d 308, 309 (5th Cir. 1977).[6]

---

[6] In *Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Defendants need only demonstrate a clear intention to defend. *S.E.C. v. Getanswers, Inc.*, 219 F.R.D. 698, 700 (S.D. Fla. 2004) (citations omitted). Furthermore, this Court's order on default judgment procedure provides that Plaintiff shall send a copy of a motion for default final judgment to Defendant's counsel or to Defendant, if Defendant does not have counsel. *See* (D.E. 15 at 1).

There is no dispute that Defendant was served with the Amended Complaint in this case. *See* (D.E. No. 6-1; D.E. No. D.E. No. 8). Plaintiff's counsel proceeded under the assumption that Reynolds represented Defendant in the Declaratory Action, referring to Reynolds as Defendant's counsel and Defendant as Reynolds' client in this matter in emails, correspondence, and motions. However, Reynolds did not appear in this case as demonstrated by his unresponsiveness when contacted by Plaintiff's attorney in relation to this action. Nevertheless, Plaintiff's counsel provided Reynolds with copies of the Amended Complaint and Joint Scheduling Order in the Declaratory Action.

Default was entered against Defendant for failing to answer the complaint in a timely fashion. Furthermore, although Defendant claims it did not learn of the default in this case until the joint planning schedule was discussed in the Breach of Contract Action, Plaintiff points the Court to the certificate of service indicating that Plaintiff's Motion for Default Final Judgment was served on both Defendant and Reynolds by mail and through CM/ECF. *See* (D.E. No. 16 at 8). In addition, the Court mailed its Order on Default Judgment Procedure and its Order and Amended Order granting Default Final Judgment to the address where Defendant was served *See* (D.E. No. 15 at 2; D.E. No. 17 at 4; D.E. No. 21 at 4). "The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee.

-10-

The 'presumption of receipt' arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail." *Konst v. Fla. E. Coast Ry. Co.*, 71 F.3d 850, 851 (11th Cir. 1996). Here, the court finds there is a presumption of receipt in this case. *See Kohler v. Anderson*, No. 92-3011, 1993 WL 16013, at *1 (8th Cir. January 28, 1993) (affirming the district court's finding against a party who denied receipt of a motion without providing specific facts to rebut the presumption of receipt and when the certificate of service contained the party's correct name and address and an affidavit of mailing was filed). Defendant has failed to adequately rebut this presumption. Thus, the Court finds that even though Defendant did not appear in this case, the Court provided Defendant with adequate written notice of default judgment proceedings and entry of Default Final Judgment against it. Accordingly, this Court finds that relief cannot be granted on the basis of Rule 60(b)(4).

### C.  Other reasons justifying relief

Finally, the Court also finds Defendant cannot be granted relief for "any other reason that justifies relief" under Rule 60(b)(6). Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) "is a broadly drafted umbrella provision which has been described as a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." *Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 (11th Cir. 1984) (internal quotations omitted). "The party seeking relief [under Rule 60(b)(6)] has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Id.* (*citing United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)). The defendant bears the burden of demonstrating "a justification so compelling that the court . . . [is] required to vacate its order." *Lugo v. Sec'y for Dep't. of Corr.*, No. 00-02912-CIV, 2010 WL 3743915, at *2 (S.D. Fla. Sept. 22, 2010) (citation omitted). After

-11-

careful consideration, the Court finds that Defendant has provided no compelling reasons that

would justify granting relief under Rule 60(b)(6).  Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

Defendant's Motion to Set Aside Default Final Judgment (D.E. No. 22) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 12 day of August, 2011.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record